UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| RAY A. PERRY, | ) | CASE NO. 1:07 CV 1144 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| JIM WILSON,_____ | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |


On April 18, 2007, pro se plaintiff Ray A. Perry filed this action against his parole

officer, Jim Wilson.  In the complaint, Mr. Perry alleges that his parole officer committed slander

by stating that he was a parole violator and filing escape charges which resulted in his detention.

He seeks $150,000.00 in compensatory damages, and $ 1,000,000,000.00 in punitive damages.

**Background**

Mr. Perry was indicted on charges of escape on December 15, 2005 for failing to

report to his parole officer.  See State v. Perry, No. CR-05-474846 (Cuyahoga Cty Ct. Com. Pl.

indictment filed December 15, 2005).[1]  He was arrested on the outstanding warrant on January 22,

2007 in Las Vegas, Nevada and extradited to Ohio.  A trial on these charges has been set for August

2, 2007.  Mr. Perry indicates that Mr. Wilson "slandered this plaintiff by stating slanderously that

he was a parole violator and had him put in prison at LORCI for parole violations when the plaintiff

was not on parole pursuant to Ohio Revised Code § 2967.15."  (Compl. at 2.)  He asserts that "this

slander caused the incarceration of the plaintiff without due process."  (Compl. at 3.)  He claims that

the arrest caused him embarrassment, loss of employment, and financial hardship.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S.

364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v.

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City

of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is

dismissed pursuant to §1915(e).

As an initial matter, Mr. Perry's cause of action for slander directly impacts the

---

[1]  Cuyahoga  County  Court  of  Common  Pleas dockets can be viewed at,
www.cpdocket.cp.cuyahogacounty.us

[2]  An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff
and without service of process on the defendant, if the court explicitly states that it is invoking
section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons
set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte
v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v.
Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

central issue in his pending criminal case.  A federal court must decline to interfere with pending

state proceedings involving important state interests unless extraordinary circumstances are present.

See Younger v. Harris, 401 U.S. 37, 44-45 (1971).  When a person is the target of an ongoing state

action involving important state matters, he or she cannot interfere with the pending state action by

maintaining a parallel federal action involving claims that could have been raised in the state case.

Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988).  If the state defendant files such a case,

Younger abstention requires the federal court to defer to the state proceeding.  Id; see Pennzoil Co.

v. Texaco, Inc., 481 U.S. 1, 15 (1987).  Based on these principles, abstention is appropriate if: (1)

state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3)

the state proceedings afford an adequate opportunity to raise federal questions.  Middlesex County

Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  Abstention is mandated

whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal

court intervention "unduly interferes with the legitimate activities of the State."  Younger, 401 U.S.

at 44.

   All three factors supporting abstention are present in this case.  Mr. Perry is being

prosecuted for failing to report to his parole officer.  He calls the charges slanderous and claims they

are false.  The matters presented in this complaint are clearly the subject of a state criminal

prosecution matter, which are of paramount state interest.  See Younger, 401 U.S. at 44-45.

Furthermore, Mr. Perry has not set forth facts which reasonably suggest  the Ohio courts cannot or

will not provide an adequate opportunity for him to raise his claim that he was not on parole at the

time of his arrest.  Consequently, this court is required to abstain from hearing this matter.

3

## Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:  July 25, 2007

---

[3]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.